UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD LANWAY,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. 13-cv-05155 BHS<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: March 7, 2014 |

    This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* ECF Nos. 12, 15, 16).

    After considering and reviewing the record, the Court finds that the ALJ failed to provide any reason, much less a specific and legitimate reason, for failing to credit fully a

relevant opinion regarding plaintiff's specific work-related functional limitations from treating physician, Dr. Zaidi.

As this error is not harmless error, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, RONALD LANWAY, was born in 1964 and was 43 years old on the alleged date of disability onset of February 15, 2008 (*see* Tr. 236-243). Plaintiff graduated from high school and "did about six months of vocational school right after high school," but did not finish (Tr. 33). Plaintiff states, "I was born in construction work, so construction work's what I, what I know" (Tr. 37). His last employment was as a superintendent for a home builder (Tr. 39).

Plaintiff has at least the severe impairments of "degenerative disc disease of the lumbar spine, asthma, anxiety disorder, panic disorder, and depression (20 CFR 404.1520(c))" (Tr. 13, 112).

At the time of the latest hearing, plaintiff was living with his wife and 14-year old son (Tr. 32)

## PROCEDURAL HISTORY

Plaintiff provides the following history:

> Ronald J. Lanway filed an application for Social Security Disability benefits on March 14, 2008. [internal citation to Tr. 10, 104, 236-37]. His application was denied initially and on reconsideration. [internal citation to Tr. 10, 135-37, 141-42. Mr. Lanway appealed and requested a hearing. [internal citation to Tr. 146]. On July 1, 2010, a

hearing was held before Administrative Law Judge (ALJ) Verrell Dethloff. [internal citation to Tr. 87-103]. On August 12, 2010, ALJ Dethloff issued a decision denying benefits. [internal citation to Tr. 109-126]. Mr. Lanway timely appealed to the Appeals Council. [internal citation to Tr. 193]. The Appeals Council granted review, and on May 20, 2011, vacated the hearing decision and remanded the case for further proceedings to consider the opinion of Mr. Lanway's treating physician, obtain evidence from a vocational expert, and further evaluate Mr. Lanway's residual functional capacity [RFC]. [internal citation to Tr. 132-33]. On November 23, 2011, a second hearing was held before ALJ Rebekah Ross ["the ALJ"]. [internal citation to Tr. 28-86]. On December 22, 2011, ALJ Ross issued a decision denying benefits. [internal citation to Tr. 10-21]. Mr. Lanway again timely appealed to the Appeals Council. [internal citation to Tr. 6]. On January 14, 2013, the Appeals Council issued its decision denying the request for review. [internal citation to Tr. 1-4]. This appeal follows.

(Plaintiff's Brief Requesting Reversal of Social Security Administration Decision, ECF No. 12, pp. 1-2).

Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in March of 2013 (*see* ECF No. 1). Defendant filed the sealed administrative record regarding this matter ("Tr.") on May 10, 2013 (*see* ECF Nos. 8, 9).

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Whether or not the ALJ adequately developed the record; (2) Whether or not the ALJ properly considered a closed period of disability; (3) Whether or not the ALJ properly assessed the severity of plaintiff's impairments; (4) Whether or not the ALJ properly assessed the opinions of Arshad Zaidi, M.D.; (5) Whether or not the ALJ properly assessed the opinion of Mary Lanaway; (6) Whether or not the ALJ properly rejected/assessed the opinion of Richelle Selig; and (7) Whether or not the ALJ properly assessed plaintiff's credibility (*see* ECF No. 12, p. 2).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled pursuant to the Act only if claimant's impairment(s) are of such severity that claimant is unable to do previous work, and cannot, considering the claimant's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). Regarding the question of whether or not

substantial evidence supports the findings by the ALJ, the Court should "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995) (*citing Magallanes, supra*, 881 F.2d at 750).

In addition, the Court must independently determine whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (collecting cases)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (*citing Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985)). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina, supra*, 674 F.3d at 1117-1122; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009).

# DISCUSSION

## (1) Whether or not the ALJ properly assessed the opinions of Dr. Arshad Zaidi, M.D., treating physician

The Court first notes that reasons to discard the opinion of treating physician, Dr. Zaidi, that are not present in the ALJ's written decision, and only occur in defendant's brief, cannot cure the ALJ's error in evaluating the medical opinion. According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196). Defendant's argument that Dr. Zaidi's opinion was rejected properly because Dr. Zaidi used the evaluation form reserved for state agency consultants when providing his opinion, and put his opinions in certain sections, is not persuasive, as this reason was not relied on by the ALJ, and the ALJ specifically noted that plaintiff "saw Dr. Zaidi for three months" and that Dr. Zaidi "has a treating relationship with the claimant." *See id.* (*see also* Tr. 17).

Defendant also contends that "[b]ecause the ALJ properly interpreted Dr. Zaidi's opinion and incorporated it into the residual functional capacity ["RFC"] finding, there was no further conflict to resolve" (*see* Response, ECF No. 15, p. 7). However, plaintiff

complains that although the ALJ addressed the opinion of Dr. Zaidi regarding marked limitations in plaintiff's ability to work with the general public, the ALJ did not discuss, acknowledge, accommodate into the RFC or provide any reason to discredit Dr. Zaidi's other opinions, such as Dr. Zaidi's opinion that plaintiff suffered from marked limitations in his ability to work in coordination with or proximity to others without being distracted by them, and multiple opinions regarding specific moderate limitations (*see* Opening Brief, ECF No. 12, p. 8 (*citing* Tr. 510-11)).

Plaintiff is correct that the ALJ did not provide any reason to discount this particular opinion of Dr. Zaidi and also is correct that this opinion is not included in the ALJ's determination regarding plaintiff's RFC (*see* Tr. 14) Therefore, plaintiff is correct that the ALJ committed legal error in failing to acknowledge Dr. Zaidi's opinion regarding plaintiff's potential distraction from working with or in proximity to others.

Although defendant argues that the ALJ's reference in the decision to the fact that Dr. Zaidi did not provide the specific opinion that plaintiff could not work provides a reason to discount Dr. Zaidi's specific opinions regarding plaintiff's work-related functional limitations, this argument is unpersuasive. First, Dr. Zaidi also indicated his opinion that plaintiff's feeling that he is not capable of functioning outside his home "is reasonable considering his response to treatment" (*see* Tr. 535). Therefore, reliance by the ALJ on this factor would not be supported by substantial evidence in the record. Perhaps more importantly, regarding the relevant federal regulation, although a treating doctor properly can opine (and here, did opine) regarding the specific functional limitations resulting from particular impairments and symptoms, a finding regarding how

such limitations translate into the ultimate conclusion of whether or not a claimant can perform any work, or is disabled, is reserved to the Commissioner and is not within the realm of medical expertise, *see* 20 C.F.R. § 404.1527(d)(1), and, as pointed out by plaintiff, is not a question generally asked of medical sources. The Court also notes that on the very page subsequent to the ALJ's granting of "significant weight" to Dr. Zaidi's opinion, the ALJ rejects the opinion of Dr. Cecil Snodgrass, M.D., plaintiff's treating primary care physician, on the partial basis that "pursuant to CFR 404.1527(e) and 416.927(e), the final responsibility for deciding whether the claimant is 'disabled' or unable to work is reserved to the Commissioner" (*see* Tr. 18). Therefore, for all of these reasons, and based on the record, defendant's argument that the ALJ's reference to a lack of an opinion by Dr. Zaidi that plaintiff cannot work cures a failure to discuss specific and relevant medical opinion evidence within the doctor's area of expertise regarding specific functional work-related limitations, is unpersuasive. *See id.*

Similarly, although the ALJ did not indicate that Dr. Zaidi's assignment of plaintiff's GAF at 69-75 as a reason to discount the opinions of Dr. Zaidi, the Court notes this argument by defendant and finds it unpersuasive: an assignment of a GAF represents a contemporaneous assessment of global functioning, not a specific assessment of an ability to function full time in a work setting. Dr. Zaidi provided a specific opinion regarding plaintiff's ability to function in a work setting that was not acknowledged by the ALJ: the ALJ's reference in general to Dr. Zaidi's opinion regarding plaintiff's GAF

while he was not working and reportedly staying inside his house[1] does not cure the ALJ's failure to discuss the specific opinion regarding plaintiff's limitations on his ability to work with or in proximity to others without undue distraction in the context of a full-time work setting. In addition, Dr. Zaidi indicated that plaintiff's transition to a work setting could result in an exacerbation of his symptoms (*see* Tr. 514).

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (*citing* SSR 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). When the decision is unfavorable, it must "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] opinion and the reasons for that weight." SSR 96-2p, 1996 SSR LEXIS 9 at *11-*12.

Here, although the ALJ, in general, gave Dr. Zaidi's opinion "significant weight" it is not clear from her decision the weight given to the specific opinion by Dr. Zaidi regarding plaintiff's functional work-related limitation of working in proximity with others. What is clear, as this opinion by Dr. Zaidi is not included in the RFC, is that the

---

[1] (*See, e.g.,* Tr. 504 ("usually takes a benzodiazepine before leaving home"); *see also* Tr. 535).

opinion is not credited fully. Because it is not clear why the opinion is not included in the RFC, this is legal error. *See id.*; (*see also* Tr. 17).

According to Social Security Ruling ("SSR") 96-8p, a residual functional capacity assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20. Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356) (footnote omitted).

This opinion by Dr. Zaidi that erroneously was rejected *sub silencio* and was not included in the RFC, also was not included in the hypothetical presented to the vocational expert, on whose opinion the ALJ relied when making the step five finding that plaintiff could perform other work. As this step five finding led to the ultimate conclusion that plaintiff was not disabled pursuant to the Act, the ALJ's error here is not harmless (*see* Tr. 20). *See Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111)

(codification of the harmless error rule)); *see also Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Further demonstrating harm, plaintiff argues that the vocational expert's testimony demonstrates that all of the jobs identified at step five as jobs that plaintiff could perform involve working near others (*see* Opening Brief, ECF No. 12, p. 12 (*citing* Tr. 70-71, 81)). Plaintiff also argues that other ignored opinions from Dr. Zaidi regarding multiple moderate limitations, when credited fully, also lead to a finding of disability, based on the vocational expert's testimony (*see id.*, pp. 11-12 (*citing* Tr. 70-71, 82-84, 87, 510-11)). Therefore, further evaluation is required.

As the Court has concluded that the ALJ committed legal error in the evaluation of Dr. Zaidi's opinion that is not harmless error, and based on the relevant record, the Court also concludes that the medical evidence as a whole should be evaluated anew following remand of this matter.

(2) **Whether or not the ALJ properly assessed the lay evidence**

Plaintiff complains that the ALJ gave no reason for her failure to accommodate into plaintiff's RFC certain opinions provided by lay sources.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources", *see* 20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R.

§ 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner, supra*, 613 F.3d at 1224 (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)).

In addition, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout, supra*, 454 F.3d at 1056 (reviewing cases).

    a. **The opinion of Mary Lanway**

Although the ALJ discusses the lay opinion of Ms. Lanway, plaintiff's wife, she did not give any reason to reject any opinion from Ms. Lanway other than Ms. Lanway's opinion about plaintiff's alleged hand cramping (*see* Tr. 18). The ALJ discussed many of the limitations opined by Ms. Lanway, however, such as her opinion that plaintiff does not like to leave the house alone; does little around the house; cannot watch a movie in one sitting; can walk half a mile or less before needing to rest; cannot sit for long due to

his back problem; cannot remember dates or tasks; and, has difficulty throwing a ball, riding a bike and going on short walks (*see id.*). Because the ALJ gave no reason to reject these and other opinions from Ms. Lanway, such opinions should be accommodated into plaintiff's RFC. In fact, the ALJ indicated that the statements of Ms. Lanway "support the very limited residual functional capacity [found by the ALJ] above [and] [a]s such, her opinion is given some weight" (*id.*).

The Court finds persuasive the following argument of plaintiff:

> The ALJ found that Ms. Lanway's statements supported [the ALJ's] RFC finding, but failed to provide any explanation as to how the limitations identified by Ms. Lanway were accommodated. [internal citation to Tr. 18]. Ms. Lanway wrote that her husband has virtually no tolerance for noise, for example, but the ALJ did not find that Mr. Lanway should avoid exposure to noises or include such a limitation in his hypothetical question to the vocational expert. [internal citation to Tr. 14, 70-17]. Indeed, each of the jobs the ALJ found that Mr. Lanway could perform are rated as having "loud" working environments. [internal citation to Tr. 20; SCO, Part A, at 37 (D.O.T. § 529.687-186 agricultural produce sorter), 39 (D.O.T. § 451.687-022 seedling sorter), 203 (D.O.T. § 521.687-102 picking table worker), & Part D at D-2 (environmental codes explained)].

(ECF No. 12, p. 13).

The Court also finds persuasive the following argument by plaintiff:

> Ms. Lanway also described serious deficiencies in concentration, persistence, and pace, observing that her husband cannot concentrate sufficiently to play a game of monopoly and takes several days to complete a task others would complete in "one setting." [internal citation to Tr. 317]. The ALJ did not include any limitation in this area in her RFC finding or her hypothetical question to the vocational expert. [internal citation to Tr. 14, 70-17.] Moreover, the vocational expert testified that an individual who "cannot remain on task at a consistent speed" cannot perform any light or sedentary job. [internal citation to Tr. 73].

(*Id.* at pp. 13-14).

For the reasons stated herein and based on the relevant record, the Court concludes that the ALJ failed to provide germane reasons for rejecting the opinions of Ms. Lanway, other than the opinion regarding hand cramping. Plaintiff's hand injury and related limitations should be evaluated anew, due to the ALJ's failure to evaluate properly the medical evidence and due to likely further development of the record on this issue, *see infra*, sections 4 and 5.

However, because the ALJ failed to provide any reason to reject any of Ms. Lanway's other opinions regarding plaintiff's specific functional limitations, and because the ALJ gave her opinion "some weight," finding portions of her opinion "credible" and supportive of the ALJ's RFC finding, these remaining opinions of Ms. Lanway should be credited fully following remand of this matter.

b. **The opinion of Richelle Selig.**

The ALJ gave only some weight to the opinion of Richelle Selig because the lay opinion was undated. Plaintiff argues that the "fax header at the top of her letter indicates it was sent at the same time as her mother's letter which is dated June 22, 2010," and "[w]ithin her letter, Ms. Selig refers to her step-father's former work '3 years ago,'" thus "under the circumstances, the evidence suggests that Ms. Selig's letter was drafted in approximately June 2010" (*see* Opening Brief, ECF No. 12, pp. 16-17 (*citing* Tr. 18, 316, 319)). However, the Court concludes that fact that the letter is undated is a germane and proper reason to give it only some weight.

**(3)  Whether or not the ALJ properly evaluated plaintiff's credibility**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

The Court, however, makes the following observation: the ALJ here relied on plaintiff's activities of daily living when failing to credit fully plaintiff's testimony, such as that "he has no problems with personal care, works in his flower garden, mows his front lawn when needed, prepares simple meals, goes grocery shopping once a week, cleans daily, drives, does laundry, and handles his own finances" (Tr. 16). The ALJ did not discuss transferability to a work setting or how these activities contradicted plaintiff's other testimony, although the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from [his] credibility as to [his] overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at 603).

In addition, plaintiff contends that "the ALJ failed to consider how [plaintiff's] symptoms limit his activities and how his activities have changed over time," such as how plaintiff must "mow the grass in sessions" and how "cleaning the kitchen takes him all day" (*see* Opening Brief, ECF No. 12, p. 22).

Based on the relevant record, the Court concludes that further development of this issue is required if plaintiff's activities of daily living are to be relied on as part of an adverse credibility determination.

### (4) Whether or not the ALJ adequately developed the record; whether or not the ALJ properly considered a closed period of disability; and, whether or not the ALJ assessed properly the severity of plaintiff's impairments

Similarly, because the Court has concluded that the medical evidence should be evaluated anew, these remaining issues raised by plaintiff should be addressed further by the ALJ assigned to this matter following remand.

### (5) Whether this matter should be reversed and remanded for further administrative proceedings or for a direct award of benefits.

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

>(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. Furthermore, the decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

## CONCLUSION

The ALJ erred in her evaluation of the medical evidence offered by Dr. Arshad Zaidi, M.D. Therefore, for this reason and based on the relevant record, all of the medical evidence should be evaluated anew, including the issue of whether or not plaintiff's impairments are severe, such as his hand injury and tremors; his sleep apnea; his asthma, his depression and his anxiety.

If plaintiff is found again to have experienced improvement regarding some of his impairments, and this reason is relied on again in order to support a failure to find the impairments to be severe impairments, or to fail to assess limitations on the basis of any improvement, specific findings regarding the duration of these impairments prior to significant improvement should be made. The ALJ may need to assess specifically whether or not plaintiff experienced a closed period of disability.

The ALJ also erred in her evaluation of the lay evidence provided by Ms. Lanway, indicated that her opinion was accommodated into the RFC when much of it does not appear to have been accommodated into plaintiff's RFC. Other than plaintiff's hand-related impairments, which should be evaluated further following remand of this matter, the limitations opined by Ms. Lanway should be included in plaintiff's RFC and included in any hypothetical relied on by the ALJ.

Because the medical evidence should be evaluated anew, plaintiff's credibility and allegations should be evaluated anew.

In addition, the ALJ assigned to this matter following remand should take care to develop the record fully and fairly, especially as it relates to plaintiff's potentially permanent 15% loss of functioning in his hand from his hand injury, and his alleged hand tremors.

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 18

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 7, 2014, as noted in the caption.

Dated this 10th day of February, 2014.

J. Richard Creatura
United States Magistrate Judge